FILED

2026 May-29  PM 01:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SCOTT LAMAR JENNINGS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )  **Case No.  2:25-cv-01378-RDP-NAD** |
| | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## <u>MEMORANDUM OPINION</u>

Petitioner Scott Lamar Jennings filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. # 1).  Petitioner challenges his Alabama state convictions and life sentences for robbery and attempted kidnapping, imposed in the Circuit Court of Jefferson County, Alabama, on November 25, 1998.  (*Id*. at 1-2).

On April 9, 2026, the Magistrate Judge entered a Report and Recommendation pursuant to 28 U.S.C. § 636(b), recommending that the petition be denied and dismissed with prejudice as time-barred.  (Doc. # 15).  Petitioner timely filed objections (Doc. # 18), and an addendum to his objections (Doc. # 19).

Petitioner's objections are based on his contention that his sentence was illegally amended on February 16, 2000, and therefore his challenge to his "illegal sentence" cannot be time-barred.  (Doc. # 18 at 1).  Petitioner reaches this conclusion by asserting that the trial court lost jurisdiction to correct his initial sentence 30 days after its entry.  (Docs. # 18 at 3-4, 19 at 1).

Relevant to this argument, the Jefferson County court initially sentenced Petitioner to two life sentences to run concurrently with each other and "co-terminus from Aug. 31, 1995" with an Illinois sentence Petitioner was serving.  (Docs. # 10-1, 10-2).  On February 16, 2000, the trial

court amended those sentences to reflect they ran "concurrent" with the Illinois sentence "from Aug. 31, 1995."[1]  (Doc. # 10-23 at 23-24).  Petitioner did not appeal from the February 16, 2000, orders and did not file his first petition for collateral review under Alabama Rule of Criminal Procedure 32 until November 14, 2002.  (Doc. # 10-3).  But by that point, his one year time limit to file a federal petition to challenge the February 16, 2000, order had already run.[2]  28 U.S.C. § 2244(d)(1).

Petitioner appealed the trial court's denial of his third Rule 32 petition, filed June 24, 2005. (Docs. # 10-6, 10-8).  On appeal, the Alabama Court of Criminal Appeals held that under Alabama Rule of Criminal Procedure 29, a court may correct clerical errors at any time.  (Doc. # 10-8 at 2). Accordingly, the appellate court concluded that the trial court did not improperly re-sentence Petitioner.  (*Id*.).

Although Petitioner continued to file Rule 32 petitions in state court (*see* Docs. # 10-10, 10-14, 10-16, 10-18, 10-19), he did not file this federal petition until August 17, 2025, more than 25 years after the February 16, 2000, sentencing corrections he challenges here.  (Doc. # 1). Because Petitioner's federal habeas petition is time-barred, the court **OVERRULES** Petitioner's

---

[1] Alabama law does not provide for "co-terminus" sentences. *Carroll v. Alabama Dept. of Corr.*, 167 So. 3d 376, 377-78 (Ala. Crim. App.  2014) ("Because the part of Carroll's sentencing order stating that his 2009 sentences were to run coterminously with the prior sentences was unlawful, Carroll is not entitled to be released from confinement, and he is not entitled to habeas corpus relief."); *see also* Ala. Code § 14-3-38 (providing that two or more sentences may be served "concurrently" or "consecutively"); Ala. R. Crim. P. 26.12 (allowing sentencing options only of consecutive and concurrent.).  Under Alabama law, a sentencing order attempting to impose a co-terminus sentence is "illegal and [] void." *Carroll*, 167 So. 3d at 378.  And, if a court imposes an unlawful sentence, the court retains jurisdiction to modify that sentence because "[a]n illegal sentence may be challenged at any time." *Id*. (quoting *Johnson v. State*, 722 So. 2d 799, 800 (Ala. Crim. App. 1998)).

[2] Assuming Petitioner is correct that the February 16, 2000 amendment to his sentence constituted a "resentencing," he had 42 days, until March 30, 2000, to file a timely appeal. *See* Ala. R. App. P. 4(b)(1); *Jones v. Sec'y, Fla. Dept. of Corr*., 906 F.3d 1339, 1342 (11th Cir. 2018) (stating a conviction becomes "final" either by conclusion of direct review or expiration of the time for seeking direct review).  When that time lapsed without him filing an appeal, his one year federal time limitation began to run the following day, March 31, 2000.  *See* 28 U.S.C. § 2244((d)(1)(A).  This federal time limitation ran unabated until it expired one year later, on March 31, 2001.  *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting the "limitations period expires on the anniversary of the date it began to run").

objections (Docs. # 18, 19).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** the Recommendation.  Accordingly, Jennings' petition for writ of habeas corpus is due to be denied and dismissed with prejudice as time-barred.  Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be denied.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.  A separate Final Order will be entered.

**DONE** and **ORDERED** this May 29, 2026.

**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE

3